```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────
DAYTWAUN MINTER,

                    Plaintiff,          13 Cv. 5403 (JGK)

     - against -                        MEMORANDUM OPINION &
                                        ORDER
DR. MAMMUHD,

                    Defendant.
────────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

At the plaintiff's request, the Court stayed this action on February 4, 2015. In two letters, the plaintiff has made a number of others motions. The letters are attached to this Order.

The plaintiff first requests the appointment of pro bono counsel. The Court of Appeals for the Second Circuit has articulated factors that should guide the Court's discretion to appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915. See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). For the Court to order the appointment of counsel, the petitioner must, as a threshold matter, demonstrate that his claim has substance or a likelihood of success on the merits. See Hodge, 802 F.2d at 60-61. Only then can the Court consider the other factors appropriate to determination of whether counsel should be appointed: "plaintiff's ability to obtain representation independently, and his ability to handle

the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989). The plaintiff has not yet made such a showing, and the motion to appoint pro bono counsel is **denied**.

The plaintiff again moves to add Ms. Hubbard as a defendant. In his letter, the plaintiff admits that Ms. Hubbard and Dr. Mammuhd work at separate institutions. Plaintiff alleges his claims against Ms. Hubbard and Dr. Mammuhd are related because "I told [Ms. Hubbard] the same thing that I told Dr. Mammuhd . . . ." The scheduling order provides that no additional defendants may be added, except for good cause shown, after August 15, 2014. An allegation that the plaintiff told Dr. Mammuhd and Ms. Hubbard "the same thing" does not make those claims related or show good cause. Therefore, the plaintiff's motion to add Ms. Hubbard as a defendant is **denied**.

The plaintiff next requests that the Court enjoin the Central New York Psychiatric Center from forcing the plaintiff "to take medication" and that the Court order the plaintiff transferred to another prison. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

2

equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  The plaintiff has made no such showing here.  Therefore, the plaintiff's motion for a preliminary injunction is **denied.**

Moreover, the plaintiff alleges that he is subject to a "Court ordered medication order by a Jude Hester of Marcy, N.Y." That order is not the subject of the current action, which challenges actions taken at a prior institution.  And if the plaintiff brought an action challenging the order or its merits, the Court may lack jurisdiction to review it.  See Spencer v. Bellevue Hosp., No. 11cv.7149, 2012 WL 1267886, at *3-6 (S.D.N.Y. Apr. 12, 2012) (holding that under the Rooker-Feldman doctrine, federal district courts lack jurisdiction to review a state-court medication order).  The plaintiff can challenge a state court order in state court.

The plaintiff finally requests sanctions because the defendant "set[] ad hoc deadlines within the discovery deadline that were not authorized by the" Court.  The defendant properly requested an extension of discovery—in part because the plaintiff was not responding to discovery requests—which the Court granted.  There is no basis for sanctions.  Therefore, the plaintiff's request for sanctions is **denied.**

**SO ORDERED.**

**Dated:    New York, New York**
**        February 10, 2015**                   _____/S/_____
                                                         **John G. Koeltl**
                                                **United States District Judge**

4

13 CIV. 5403 (JGK)          1/31/15

Dear Judge Koeltl,

    Could you please consider this a letter motion requesting Pro Bono assistance? I don't have any of the pro-se rules with me so I'm not sure exactly what I'm supposed to do in order to request a lawyer. So I'm just going to request in this manner. Can you assign me a lawyer?

Judith Minton
369977
Central New York
Psychiatric Center
P.O. Box 300
Marcy, N.Y. 13403

RECEIVED FEB 09 2015 CHAMBERS OF JOHN G. KOELTL U.S.D.J.

①

February 5th, 2015

| | |
|---|---|
| By United States Mail | Letter Motion & Reply |
| Honorable John G. Koeltl | To Defendant's Objections |
| United States District Judge | |
| United States District Court | |
| Southern District of New York | 13 Civ 5403 (JGK) |
| 500 Pearl Street | |
| New York, N.Y. 10007 | |

RE: Minter V. Mammuh D, 13 CIV 5403 (JGK)

Dear Judge Koeltl, please consider this a letter motion and reply to Defendants objections.

1. The Defendant has objected to my last letter-motion. Please consider this a letter-motion and reply. The Defendant says that an indefinite discovery extension is not necessary for 2 reasons. The First reason being because I allegedly failed to comply with discovery requests while in Sullivan C.F. The Second reason being because the Defendant claims that I only have to answer factual questions during the deposition that has been rescheduled for February 13th, 2015.

2. My reply to the first reason is as follows: The Discovery deadline previous to the one set for February 13th, 2015 was December 5th, 2014. This was the discovery deadline while I was in Sullivan C.F. So I was not obligated to reply to discovery requests dated August 21, 2014 until December 5th, 2014. However,



The defendant insisted on setting ad hoc deadlines within the discovery deadline that were not authorized by the Honorable Judge John G. Koeltl. For that matter alone, the plaintiff requests sanctions be imposed on defendant at the Honorable ~~·····~~ Judge John G. Koeltl's discretion.

3. My reply to the second reason is as follows: while the Honorable Judge John G. Koeltl might have noted that I do not need access to a law library or personal legal work in order to do the defendant's deposition, ~~····~~ I do need access to a law library and personal legal work in order to do my own deposition of the defendant, and since the discovery deadline does not only entail one deposition done by the defendant, that is basically one reason why I am requesting a <u>discovery extension</u> and not just a <u>deposition extension</u>, but I would also like a <u>deposition extension</u>. Basically ~~···········~~ there's more to discovery then a deposition done by the defendant, i.e. ~~··~~ everything the plaintiff has to do and while I was working on discovery at Sullivan C.F., I had not finished before being illegally transferred here to C.N.Y.P.C. (Central New York Psychiatric Center) and forced to take medication, and then illegally given a court ordered medication order by a Judge Hester of Marcy, N.Y., all because the Honorable Judge John G. Koeltl trusted the defendant and thought it best to not issue an injunction in order to avoid further legal hassle on the defendant. However, the situation can be remedied by the Honorable Judge John G. Koeltl issuing a medication injunction and an order for the plaintiff to be moved to another prison



(3)

other than Sullivan C.F. (and Plaintiff is requesting Attica C.F.; they have a good law library.) because the Plaintiff does not want to be anywhere near the defendant as he was during the first year or so of this action, and the plaintiff needs access to his own legal work in order to complete this portion of discovery. The Defendant has complete access to his legal work and other resources, why can't the Plaintiff?

4. The Defendant objects to the inclusion of Marilyn Hubbard as a Defendant in this action simply because Plaintiff's complaint concerns events that ~~occurred~~ occurred on April 29th, 2013 and that because of that, any claims against Mrs. Hubbard could not have any connections to this action considering that I was not admitted to C.N.Y.P.C. (Central New York Psychiatric Center until October 2nd, 2014.

5. My reply to the Defendant's reason for not including Marilyn Hubbard in this action is as follows: I told Marilyn Hubbard, N.P.P. the same thing that I told Dr. Hammoh D. on October 15th, 2014 and in the Court-ordered medication order paperwork, our conversation is greatly misrepresented except for the part about me saying that if I take medication then I have no faith in Jesus, The Christ, so basically Marilyn Hubbard, N.P.P. has violated my 1st Amendment Right to Freedom of Religion also by even motioning for me to have court ordered medication over my objection.

6. The Plaintiff moves for an injunction, in regards to



medication, and an order, in regards to prison placement. The plaintiff also moves to have Marilyn Hubbard, N.P.P. included in this action as a defendant and to change the amount of damages that I am requesting from one million dollars to two million dollars; one million from Dr. Mammuh D and one million dollars from Marilyn Hubbard, N.P.P. The ~~defendant~~ plaintiff further also moves to change the spelling of Dr. Mammuh D's name in this action to Dr. S. Mahmud to better reflect the defendant's real name.

7. For reasons mentioned in this letter motion and reply, the plaintiff respectfully prays that all requests made by the plaintiff be granted. I thank the Honorable Judge John G. Koeltl for his consideration of this letter motion and reply, along with the court,

Respectfully Submitted,

Daytwaun Minter 369977/#08A0466
Central New York Psychiatric Center
P.O. Box 300
Marcy, N.Y. 13403